CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 25, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **ANDREW MARK HAGY,** | ) | **Case No. 7:25-cv-00146** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Hon. Robert S. Ballou** |
| | ) | **United States District Judge** |
| **LT. EMILY CARVER et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff Andrew Mark Hagy, a Virginia inmate acting *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Defendants Emily Carver, Bill Stacy, Jayden Adams, Ethan Addair, and Southwest Virginia Regional Jail Authority (the "Authority"). Dkt. 1. Defendants Carver, Adams, Addair, and the Authority filed separate Motions to Dismiss for failure to state a claim. Dkts. 27–30. For the reasons below, Defendants' motions are **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

### I.      Standard of Review

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[C]ourts are obligated to liberally construe *pro se* complaints, however inartfully pleaded." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017) (citation modified)

(quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Liberal construction is particularly important when pro se complaints allege civil rights violations. *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. 2021).

## II.     Facts

Hagy was incarcerated at Southwest Virginia Regional Jail Authority during the relevant events. He alleges that, after a cell search, he returned to find his legal papers scattered under his bunk and his large-print Life Recovery Bible torn on numerous pages. Dkt. 1. Hagy states that he cannot continue to practice his religion. *Id.* The Complaint contains no other factual allegations. Hagy does not identify what constitutional or statutory provisions form the basis of his claims, but I construe his complaint as attempting to assert claims under 42 U.S.C. § 1983 for deprivation of property and violation of his rights under the Free Exercise Clause of the First Amendment.

In response, Carver, Adams, Addair, and the Authority filed independent but substantively similar motions to dismiss for failure to state a claim. Stacy has not filed an answer or otherwise appeared in this action, but because the complaint does not contain specific factual allegations against Stacy, I will treat him similarly to the moving Defendants for purposes of this Opinion.

The Court issued the notice required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), advising Hagy that he had 28 days to file a response to the Motions to Dismiss and that, if he did not respond to the motion, the Court may "deem the facts set forth by the moving party to be undisputed" and "decide the matter without further notice." Dkt. 35. Hagy has not filed a

response to the motion. Instead, he filed a Motion to Stay (Dkt. 36) and Motion for Discovery (Dkt. 37), neither of which contains substantive argument or information. Both motions were denied.

## III.    Analysis

### a.  Section 1983 Requirements

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011).

Additionally, because § 1983 creates liability for a defendant's own conduct, not the conduct of others, a plaintiff must allege facts demonstrating each defendant's personal participation in the alleged constitutional violation. *Jones v. Solomon*, 90 F.4th 198, 209 (4th Cir. 2024) ("[E]ach Defendant may only be held responsible 'for his or her own misconduct.'" (quoting *Iqbal*, 556 U.S. at 677)); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights.").

This personal participation requirement means that vague and conclusory allegations unsupported by factual assertions are insufficient. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994); *McLin v. VA Dep't of Corr.*, No. 7:19cv00247, 2020 WL 448260, at *2 (W.D. Va. Jan. 28, 2020). Moreover, a plaintiff cannot refer to the defendants collectively in his complaint, as such generalization is insufficient under Rule 8 of the Federal Rules of Civil Procedure. *McLin*, 2020 WL 448260, at *2. As the Fourth Circuit explained, general, conclusory, and collective allegations against groups of defendants fail to allege a plausible claim. *See Langford v. Joyner*,

62 F.4th 122, 125 (4th Cir. 2023) (recognizing that plaintiff's complaint failed to meet the plausibility standard when it did not set forth who the defendants were beyond being employees where he was incarcerated or in what capacity the defendants interacted with plaintiff).

### b.  Failure to Allege Personal Participation

Other than listing individual defendants in the caption of the Complaint, Hagy's substantive allegations do not mention the individual Defendants. The Complaint states only that "upon cell search after I was returned my legal papers were scatterd [sic] under my bunk and my Bible was torn on numorus [sic] pages." Hagy does not allege which of the named Defendants searched his cell, scattered his papers, or tore his Bible, or whether all or only some of the Defendants were involved. Indeed, the Complaint contains no factual allegations whatsoever concerning what any individual Defendant did or failed to do. Without factual allegations linking each Defendant to the alleged constitutional violations, Hagy has not stated a plausible claim for relief against any Defendant.

### c.  Free Exercise Claim

Even construing Hagy's allegations liberally, he has failed to state a claim for violation of his First Amendment right to free exercise of religion.

To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show (1) he holds a sincere belief that is religious in nature, (2) a prison regulation imposes a substantial burden on his right to free exercise of his religious belief, and (3) the regulation is not reasonably related to any legitimate penological interest. *O'Lone v. Est. of Shabazz*, 482 U.S. 342, 349 (1987); *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989).

Hagy's Complaint contains no factual allegations from which the Court could plausibly infer a substantial burden on his religious exercise. Hagy states only that his Bible was torn on

4

numerous pages and that he "cannot cont. to practice my religion." The latter statement is a bare

legal conclusion unsupported by any factual allegations. Hagy does not allege how the Bible was

torn such that it is unusable; that he cannot access religious services, religious materials, or a

replacement Bible; what specific religious practices he can no longer perform and why; or that

he requested but was denied a replacement Bible or other religious materials. *See Lovelace v.*

*Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (explaining that a substantial burden requires showing that

the regulation or action "puts substantial pressure on an adherent to modify his behavior and to

violate his beliefs" or "forces a person to choose between following the precepts of her religion

and forfeiting governmental benefits, on the one hand, and abandoning one of the precepts of her

religion on the other hand" (citation modified)); *Duran v. Longoria*, No. 1:20-CV-00289-HBK

(PC), 2025 WL 859893, at *6 (E.D. Cal. Mar. 19, 2025).

Because Hagy does not allege that the torn pages of his Bible substantially interfere with

a sincerely held religious belief, he has failed to state a plausible Free Exercise claim.

### d.  Due Process Property Claim

To the extent Hagy attempts to assert a Fourteenth Amendment due process claim based

on the deprivation of his property, such a claim also fails.

In *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), Supreme Court held that "an

unauthorized intentional deprivation of property by a state employee does not constitute a

violation of the procedural requirements of the Due Process Clause of the Fourteenth

Amendment if a meaningful postdeprivation remedy for the loss is available." The Court further

affirmed the lower courts' holdings that "the Commonwealth of Virginia provides . . . an

adequate postdeprivation remedy for the alleged destruction of . . . property" by way of several

common-law remedies that would provide adequate compensation. *Id.* at 534–35. Similarly, the

Fourth Circuit has consistently found that Virginia provides an adequate post-deprivation remedy for allegedly wrongful confiscation. *See, e.g.*, *Warren v. Smith*, No. 88–7172, 1988 WL 142995, at *1 (4th Cir. Nov. 17, 1988) (finding that both Virginia's inmate grievance procedure and Virginia's Tort Claims Act provide an adequate post-deprivation remedy for loss of property); *Brooks v. Muncy*, No. 88–7761, 1989 WL 14627, at *1 (4th Cir. Feb. 17, 1989).

Here, Hagy has not alleged facts suggesting that pre-deprivation process was required or that Virginia's post-deprivation remedies are inadequate. Accordingly, Hagy has failed to state a due process claim based on deprivation of property.

### e.  Claims against the Authority

Southwest Virginia Regional Jail Authority is also entitled to dismissal on the additional ground that a jail is not a "person" subject to suit under § 1983.

Section 1983 provides a cause of action against "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights." 42 U.S.C. § 1983. A jail is not a "person" for purposes of § 1983. *Perdue v. Penalosa*, No. 93–6313, 1994 WL 559140, at *1 (4th Cir. Oct. 13, 1994); *Hess v. SWVRJ-Haysi Facility*, No. 7:25-CV-00576, 2026 WL 27288, at *2 (W.D. Va. Jan. 5, 2026). Accordingly, the Authority is not a viable defendant in this action and will be dismissed from this action with prejudice.

### IV.    Conclusion

Hagy has failed to plead sufficient facts to state a plausible claim that Defendants violated his constitutional rights. Further, because the Authority is not a proper defendant, the Motion to Dismiss of the Authority is **GRANTED** and this action is **DISMISSED WITH PREJUDICE** as to the Authority. The Motions to Dismiss of the individual Defendants, are

**GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE** as to all individual Defendants. Hagy may file an Amended Complaint providing factual allegations sufficient to support the alleged constitutional violations within 30 days of the date of this Order. Any amended complaint must identify the specific acts by individual defendants which he claims violated his constitutional rights. If Hagy does not file an Amended Complaint within this timeframe, this action will be stricken from the active docket of this Court without further notice.

An appropriate Order accompanies this Memorandum Opinion.

Entered:  March 25, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

7